IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | No. 4:22-CR-00075-ALM |
| | | JUDGE MAZZANT |
| ANTHONY JOSEPH HAMMER | § | |

## MOTION TO EXPEDITE PRESENTENCE INVESTIGATION REPORT

TO THE HONORABLE JUDGE AMOS L. MAZZANT:

COMES NOW DEFENDANT, ANTHONY HAMMER, and moves this Honorable Court to order the U.S. Probation Officer to complete the pre-sentence report in this cause. In support, Mr. Hammer would show the Court the following:

### I. Background

Mr. Hammer is charged in a one-count indictment with a violation of 18 U.S.C. §875(c). [ECF # 12]. The indictment was filed on March 17, 2022. Mr. Hammer was originally arrested on March 4, 2022. Mr. Hammer entered a guilty plea to the indictment on May 3, 2022. The agreed plea of guilty was filed on the same date. [ECF # 23]. The plea agreement calls for an agreed custody sentence between 21-27 months pursuant to F.R. Crim. P. 11(c)(1)(C). His guilty plea and the magistrate's findings on that plea were accepted by this Honorable Court on May 23, 2022. [ECF # 27]. The assigned probation officer conducted the pre-sentence interview of Mr. Hammer on May 27, 2022.

Since that time, undersigned counsel has spoken with the probation officer several times to inquire when the pre-sentence report would be completed. The probation officer has always been very nice, respectful and polite. The probation officer asked whether there was some risk Mr. Hammer would be forced to serve a longer sentence than the plea

1

agreement called for. Undersigned counsel stated, "No." He has advised there is an overflow of cases, that the office has had some turnover and that they are making efforts to complete the work as fast as they can.

Undersigned counsel met with the case agent, FBI S/A J. Cottner, a few weeks ago and inquired whether he had met with or spoken to the assigned probation officer. S/A Cottner advised he had not. Undersigned counsel reached out to S/A Cottner via text on December 13, 2022, to inquire again whether S/A Cottner had been interviewed by probation in order to complete the pre-sentence report. S/A Cottner advised he had not.

## II. Argument and Request for Relief

Mr. Hammer was likely a suitable candidate for RDAP based upon prior substance abuse issues and history. Given the amount of time that has passed, it is essentially impossible that Mr. Hammer could be admitted to RDAP even if the Bureau of Prisons determined he was eligible for admission. This is because of the time Mr. hammer has spent in pre-trial confinement and what likely remains of his sentence yet to be imposed.

There are other programs under the First Step Act which provide training and counseling to inmates to better suit them for re-entry to society and to minimize the risk of recidivism. These programs, like RDAP, require time for admission and time to complete. It is in the interest of society in general, as well as Mr. Hammer, that he participate in these programs. However, none of these programs can be completed in pre-trial detention. An inmate must be in a federal correctional institute in order to begin the process for admission. Further, the purpose of pre-trial detention is to confine a person *temporarily* until such time as trial or transfer to a federal correctional institute. It is not intended or designed for long-term confinement. Presently, Mr. Hammer is confined in a county jail in Cushing, Oklahoma. This is a county jail designed for holding inmates for short-term duration.

Mr. Hammer has been in custody nine months and ten days as of this date. He plead to a one-count indictment alleging interstate communication of a threat. This is not a complicated case. He plead guilty forty-seven (47) days after the indictment was filed. He was interviewed by U.S. Probation twenty-four (24) days after he entered his plea of guilty. Since then, it appears his case has been put in a permanent holding pattern. The probation officer has not yet spoken to the case agent. Obviously, the pre-sentence report cannot be completed without factual input from the government.

Mr. Hammer asks this Court to fashion some remedy to expedite delivery of the pre-sentence report. This Court has long experience, judgment and appropriate discretion sufficient to craft an appropriate remedy. Mr. Hammer leaves this to the discretion of this Honorable Court. Mr. Hammer and undersigned counsel fully respect both the sincerity and workload of the U.S. Probation Officer. However, this case needs to move forward. The case needs to be disposed and Mr. Hammer needs to move to the designated institution. This cannot happen before sentencing and sentencing cannot happen without completion of the pre-sentence report.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests this Honorable Court grant the relief requested in this motion.

Respectfully submitted,

*/s/:* **GEORGE R. MILNER, III**
George R. Milner, III
SBOT: 00784611
**MILNER & FINN**
2828 N. Harwood Street, Suite 1950
Dallas, Texas 75201
Office: (214) 651-1121
Fax: (214) 953 1366
gunner@milnerfinn.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Motion to Expedite Presentence Investigation Report was forwarded to all parties in this cause on the same date as filing via ECF filing system.

/s/: *GEORGE R. MILNER, III*
George R. Milner, III

## CERTIFICATE OF CONFERENCE

I, George R. Milner, III, hereby certify I advised Assistant United States Attorney, Ryan Locker, concerning the merits of the foregoing motion and he is unopposed to this motion.

/s/: *GEORGE R. MILNER, III*
George R. Milner, III